## Griffith's Estate

*Thomas A. Foulke* and *Ashton Locke Worrall*, for petitioner.

*Harry J. Alker, Jr.*, for respondent.

HOLLAND, P. J., September 28, 1945.—On November 24, 1944, within seven months from the death of decedent, which occurred April 30, 1944, Bessie C. Griffith, decedent's surviving wife, filed her petition,

reciting contest pending relative to the probate of an alleged codicil dated March 2, 1941. It is conceded that such a contest is still pending and that an issue has been granted by decree of this court to be tried before a jury. She requested a citation directed to all interested parties to show cause why the time for filing her election to take under or against the will should not be extended as provided by section 23 ($f$) of the Wills Act of 1917, as amended by the Act of June 24, 1939, P. L. 705.

On March 23, 1945, David R. Griffith, Jr., an interested party, filed an answer in which he alleged that petitioner had entered into an ante nuptial agreement with decedent whereby she had released her right to take against his will in consideration of provision being made in the will for her which was done in accordance with the terms of said ante nuptial agreement.

Whether the terms of the ante nuptial agreement would prevent the petitioner from taking against the will of decedent is not now before us. It might well be that if she attempts to take against the will, the terms of this agreement could be interposed to prevent her from doing so, but this petition does not in any way seek to assure her of the right to file an election to take against the will, but only asks that the time for her to so file an election be extended, leaving open the question as to whether she has a right to do so. The question, therefore, before us, and the only question, is whether it is proper under the acts above cited, for this court to extend the time. We expressly disclaim any expression of opinion as to whether she has the right to take against the will under the terms of the ante nuptial agreement, or for any other reason.

There admittedly being a contest as to an alleged codicil to the will, if not a contest to the will itself and to another codicil thereto, pending at this time, petitioner would, without any action on the part of this court, have a right under section 23 ($b$) of the Wills Act of June 7, 1917, P. L. 403, as amended by the Act

of July 8, 1935, P. L. 611, to file her election, either to take under or against the will, within 30 days after the final adjudication of the said contest. She chooses, however, to file her petition under section 23 (*f*) of the Wills Act of 1917, which section was added by the Act of June 24, 1939, P. L. 705. According to this section, the surviving spouse may within seven months from the death of testator, apply for a citation on the interested parties to show cause why the time for filing her election shall not be extended for such period and upon such terms and conditions as the court may deem proper. This petition has been filed within the seven months' period and the citation has been duly served upon all interested parties. In view of the pending contest, and the uncertainty as to how long it will take to have it finally decided, we are of the opinion that petitioner should have a reasonable time after the final conclusion of this litigation to decide whether she will file her election to take against or under the will. We deem it reasonable to allow her 90 days after the conclusion of the litigation to make this decision, and we will so decree. The contest over the probate of the codicil in question will be decisive as to who will receive letters testamentary or of administration c. t. a., and we therefore deem the time of granting letters testamentary or of administration c. t. a. as the time when the litigation will be finally concluded.

And now, September 28, 1945, proof of service of the citation and petition having been filed of record, upon consideration thereof and the answer filed thereto, it is ordered and decreed that Bessie C. Griffith, surviving spouse of the decedent, is granted an extension of 90 days from the date that letters testamentary or of administration c. t. a. are granted upon the estate of Robert M. Griffith, deceased, within which to file her election to take under or against the will of said decedent.